

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED
MAR 0 6 2019
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 JAMES RUSSELL DRIVER III,

        Defendant.

No. 18-cr-20825

HON. ARTHUR J. TARNOW

**VIO:** 18 U.S.C. § 371
**Maximum Penalty:** 5 years
**Maximum Fine:** $250,000

---

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JAMES RUSSELL DRIVER III ("defendant") and the United States ("government") agree as follows:

FILED
MAR 0 6 2019
CLERK'S OFFICE
DETROIT

### 1.   **Guilty Plea**

#### A.   **Count of Conviction**

Defendant will enter a plea of guilty to Count One of the Indictment, which charges him with conspiracy to commit bribery in violation of Title 18, United States Code, Section 201, in violation of Title 18, United States Code, Section 371, and for which the penalty is a maximum term of imprisonment of five years and a fine of up to $250,000. Defendant is also subject to a special assessment of $100 and up to three years of supervised release.

B.    **Elements of Offense**

The indictment charges defendant DRIVER with a conspiracy to commit bribery, in violation of 18 U.S.C. §§ 201(b)(1)(A) and (C) and 201(b)(2)(A) and (C). The elements of conspiracy to commit bribery are as follows:

(A) That two or more persons conspired, or agreed, to commit a crime, in this case, a violation of the bribery statute (18 U.S.C. § 201);

(B) That defendant knowingly and voluntarily joined the conspiracy;

(C) That a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(D) Object of the Conspiracy: Defendant provided Co-Conspirator 1 ("CC-1") with confidential and other proprietary, internal U.S. Navy information, and used his position and influence with the U.S. Navy to advocate for and advance the interests of CC-1 and Company 1, as opportunities arose, and in return, CC-1, Company 1, and others gave things of value to or on behalf of defendant.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From in or about September 2011 until in or about May 2014, defendant JAMES RUSSELL DRIVER III was a civilian U.S. federal employee with the U.S. Navy's Military Sealift Command ("MSC") who served as the captain/master of the USNS Charles Drew ("Drew"), a U.S. Navy cargo ship operating in the Pacific

region. As the captain of the Drew, DRIVER was a "public official" within the definition of Title 18, United States Code, Section 201(a)(1).

In or about August 2013, DRIVER became acquainted with CC-1, who was the owner and Chief Executive Officer of Company 1, a company based in the Republic of Korea ("ROK") that contracted with the U.S. Navy to provide husbanding services to U.S. Navy vessels when they arrived in port. DRIVER also became acquainted with Co-Conspirator 2 ("CC-2"), who was the Director of Operations at the MSC Office in Busan, ROK.

Between in or about October 2013 and in or about January 2014, DRIVER conspired with CC-1 and CC-2, including through use of his official position, to have CC-1 and Company 1 provide husbanding services for the Drew's December 2013 port visit in Chinhae, ROK, in violation of appropriate U.S. Navy HSP contracting procedures. DRIVER also conspired to provide CC-1 with confidential and other proprietary, internal U.S. Navy information. In order to conceal his corrupt relationship with CC-1, DRIVER communicated with CC-1 through DRIVER's personal email address, assigned misleading file names to confidential and other proprietary, internal U.S. Navy information sent electronically to CC-1, and deleted emails between himself and CC-1. In exchange, CC-1 made personal travel arrangements for DRIVER, paid personal travel expenses for DRIVER, including train tickets and a hotel stay with DRIVER's family, and purchased an iPad for DRIVER's minor child. DRIVER also sought to obtain, and CC-1 intimated that DRIVER would receive, a job offer with Company 1 following DRIVER's retirement from federal service in exchange for DRIVER's advancing the interests of CC-1 and Company 1.

It was a violation of DRIVER's official and lawful duties: (a) to transmit information that the U.S. Navy had classified as "confidential" to any person not entitled to receive it; (b) to make unauthorized disclosure of proprietary, internal U.S. Navy information; and (c) to enrich himself by using his position and influence with the U.S. Navy to advocate for and advance the interests of Company 1 and CC-1.

2.    **Sentencing Guidelines**

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

### B.     Guideline Range

The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 14. (U.S.S.G. § 2C1.1(a)(1)).

The parties agree that a four-level upward adjustment is applicable because defendant was a public official in a high-level decision-making or sensitive position. (U.S.S.G. § 2C1.1(b)(3)).

At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

The parties agree that the applicable Guidelines range for Criminal History Category I is 18–24 months' imprisonment.

### 3.     SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553 and in doing so must consider the Sentencing Guidelines range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), at sentencing, the

United States will recommend a sentence within the applicable Guidelines range,

except as otherwise provided for in this Plea Agreement.

B.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment.

The parties agree to a term of supervised release of the statutory maximum term,

which in this case is three (3) years.  The parties agree that defendant's continued

cooperation as outlined in this Plea Agreement is an appropriate condition of

supervised release, subjecting defendant to revocation of supervised release for

failure to comply.  The agreement concerning imprisonment described above in

Paragraph 3A does not apply to any term of imprisonment that results from any

later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of $100.00 at the time of sentencing.

D.    **Fine**

The United States agrees not to seek a fine.

E.    **Restitution**

The Court shall order restitution to any identifiable victim of defendant's

offense.

4.     **Cooperation**

Defendant agrees to assist the government in the investigation and prosecution of others involved in criminal activities, as specified below.

A.     **Truthful Information and Testimony**.  Defendant will provide truthful and complete information concerning all facts of this case known to him.  Defendant will provide full debriefings, as requested by the government, to foreign, federal, state, and local law enforcement agencies.  Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the government.  Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings. Defendant agrees to be available for interviews in preparation of all testimony. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

B.     **Nature of Cooperation**.  Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing.  In other words, defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not

specifically asked questions about those crimes, participants, or involvement. Defendant will notify the government in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

C.    **Government's Authority Regarding Substantial Assistance**

(1) <u>Substantial Assistance Determination</u>.  It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance.  Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate.  If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

(2) <u>Use of Information against Defendant</u>.  In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case.  Such information may be revealed to the Court but may not be used by the government against the defendant in determining defendant's sentence range, choosing a sentence recommendation within the range, or departing from the range. There shall be no such restrictions on the use of information: (a) previously known to law enforcement agencies; (b) revealed to law enforcement agencies by, or discoverable through, an independent source; (c) in a prosecution for perjury or giving a false statement; or (d) in the event there is a breach of this agreement.

5. **Use of Withdrawn Plea Agreement**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this Plea Agreement, against him in any proceeding.

6. **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case against defendant.

7. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct Sentencing Guidelines range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement.

8. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's

- 9 -

request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **Appellate Waiver**

Defendant waives any right he may have to appeal his conviction on any grounds. This waiver does not bar a claim of ineffective assistance of counsel in court.

10.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the United States Department of Justice, Criminal Division, Fraud Section.

11.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the U.S. Department of Justice, Criminal Division, Fraud Section by noon on January 17, 2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney
Eastern District of Michigan

- 11 -

ROBERT ZINK
Acting Chief, Fraud Section
Criminal Division
Department of Justice

_Jessee Alexander-Hoeppner_          _Jessee Alexander-Hoeppner_

Brian Kidd                                        3/06/2019
Acting Chief
Securities & Financial Fraud Unit
Jessee C. Alexander-Hoeppner
Trial Attorney

Date: __1/18/2019__

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

John E. Melton                         James Russell Driver III
Attorney for Defendant             Defendant

Date: __1-17-19__                     Date: __1/16/2019__

- 12 -