UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-cr-20825 |
| Plaintiff, | Hon. Arthur J. Tarnow |
| v. | |
| | Offense: 18 U.S.C. § 371 |
| D-1 JAMES RUSSELL DRIVER III, | Maximum Penalty: 5 years |
| | Maximum Fine: $250,000 |
| Defendant. | |

**UNITED STATES' COMBINED MOTION AND BRIEF FOR REDUCTION IN SENTENCE UNDER U.S.S.G. § 5K1.1 AND MEMORNADUM IN AID OF SENTENCING**

The United States submits this Combined Motion and Brief for Reduction in Sentence under United States Sentencing Guidelines ("U.S.S.G.") Section 5K1.1 and Memorandum in Aid of Sentencing ("Combined Motion and Brief") pertaining to defendant James Russell Driver III ("Driver"). The United States requests that the Court (1) impose a sentence that is below the low end of the Guidelines range of 18–24 months, based on Driver's substantial assistance to the government; and (2) impose a three-year term of supervised release with a special condition of continued cooperation during the period of supervised release.

1

**Factual Background**

From approximately September 2011 until approximately May 2014, Driver was employed by the U.S. Navy's Military Sealift Command ("MSC") as the civilian U.S. captain/master of the USNS Charles Drew ("Drew"), a U.S. Navy cargo ship operating in the Pacific region.

In approximately August 2013, Driver became acquainted with CC-1, who was the owner and Chief Executive Officer of Company 1, a company based in the Republic of Korea ("ROK") that contracted with the U.S. Navy to provide husbanding services to U.S. Navy vessels when they arrived in port. Driver also became acquainted with Co-Conspirator 2 ("CC-2"), who was the Director of Operations at the MSC Office in Busan, ROK.

Between approximately October 2013 and January 2014, Driver conspired with CC-1 and CC-2 to have Company 1 provide husbanding services for the Drew's December 2013 port visit in Chinhae, ROK, in violation of relevant U.S. Navy contracting procedures. Driver also conspired to provide CC-1 with confidential and other proprietary, internal U.S. Navy information. In exchange, CC-1 made personal travel arrangements for Driver, paid personal travel expenses for Driver, including train tickets and a hotel stay with Driver's family, and purchased an iPad for Driver's daughter. Driver also sought to obtain, and CC-1 intimated that Driver would

receive, a job offer with Company 1 following Driver's retirement from federal service in exchange for Driver's advancing the interests of CC-1 and Company 1.

## Procedural Background

On December 18, 2018, Driver was charged with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. § 201; and one count of honest services fraud, in violation of 18 U.S.C. §§ 1343 and 1346. On March 6, 2019, Driver pleaded guilty to the conspiracy count pursuant to a Rule 11 Plea Agreement ("Plea Agreement") and entered into a cooperation agreement with the government.

## Section 5K1.1 Motion

Even prior to pleading guilty, Driver voluntarily met with and provided information to the government on multiple occasions. By pleading guilty and entering into a cooperation agreement with the government, Driver has demonstrated his willingness to provide the government with substantial assistance about both his own conduct and the conduct of co-conspirators. Pursuant to the Plea Agreement, Driver has agreed to a three-year term of supervised release and that continued cooperation is an appropriate condition thereof, subjecting him to revocation of supervised release for failure to comply.

In the government's view, as further detailed in the sealed Supplement to this Combined Motion and Brief, Driver's assistance to date and anticipated in the future

constitutes substantial assistance to the government within the meaning of U.S.S.G. Section 5K1.1. If the Court requires, the government will further elaborate on the nature and extent of Driver's assistance at the sentencing hearing.

Accordingly, the United States requests that the Court impose a sentence below the low end of the applicable Guidelines range. The United States further requests that the Court impose the statutory maximum three-year term of supervised release and require Driver's continued cooperation as outlined in the Plea Agreement as a special condition of supervised release.

## **Sentencing Guidelines**

The parties and Probation agree on the Guidelines calculation. Driver's offense carries a base offense level of 14, and is subject to a four-level enhancement because Driver was a public official in a high-level decision-making or sensitive position. Because Driver has clearly demonstrated acceptance of responsibility for the offense and timely notified the government of his intention to plead guilty, a three-level reduction in offense level is appropriate, for a total offense level of 15. Because Driver is in Criminal History Category I, the resulting Guidelines range is 18–24 months' imprisonment.

## Sentencing Factors

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court is to consider in sentencing Driver. The government highlights below some of the factors as of particular relevance to Driver.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

The nature and circumstances of the offense are set forth above.

**(2) To reflect the seriousness of the offense, to promise respect for the law, and to provide just punishment for the offense.**

Although the dollar value of the bribes that Driver accepted was not high enough to trigger a loss enhancement, he abused his position as a public official and facilitated the improper steering of government business and transmission of government information to CC-1. Accordingly, an adequate punishment should reflect the seriousness of that offense.

**(3) To afford adequate deterrence to criminal conduct.**

Although Driver no longer holds the position that allowed him to commit the instant offense, there is nonetheless the need to deter similar conduct by other public officials who are in positions susceptible to such abuse.

**(4) To provide restitution to any victims of the offense.**

The government is not seeking restitution in this case.

## **Conclusion**

Based on the considerations set for above, the United States respectfully requests that the Court grant its motion under Section 5K1.1 for a sentence reduction. The United States also requests that the Court impose a three-year term of supervised release and require Driver's continue cooperation as a special condition of supervised release, as agreed to by the parties in the Plea Agreement.

Date: July 8, 2019                                          Respectfully submitted,

MATTHEW J. SCHNEIDER
United States Attorney

ROBERT ZINK
Acting Chief
U.S. Department of Justice
Criminal Division, Fraud Section

/s/ Jessee Alexander-Hoeppner
Jessee Alexander-Hoeppner
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
202-305-3048
jessee.alexander-hoeppner@usdoj.gov
*Counsel for United States*

# CERTIFICATE OF SERVICE

I certify that, on July 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for Defendant.

                                                                /s/ Jessee Alexander-Hoeppner
Jessee Alexander-Hoeppner
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
202-305-3048
jessee.alexander-hoeppner@usdoj.gov
*Counsel for United States*